UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL J. WOJT,

      Plaintiff,

v.

CHRISTOPHER A. WRAY,
Director of the United States
Federal Bureau of Investigations,

      Defendant.
_____/

Case No. 23-cv-12834
Honorable Linda V. Parker

## OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE

On November 7, 2023, Plaintiff Darryl J. Wojt, proceeding without counsel, initiated this lawsuit against Defendant, the Director of the United States Federal Bureau of Investigations. (ECF No. 1.) Plaintiff also filed an application for leave to proceed in forma pauperis ("IFP") in this action pursuant to 28 U.S.C. § 1915. (ECF No. 2.)

As an initial matter, the Court cannot conclude that Plaintiff is eligible to proceed IFP. Section 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). While an individual need not be

"absolutely destitute to enjoy the benefits" of proceeding IFP, *Adkins v. E.I. DuPont de Nemours, Inc.*, 335 U.S. 331, 339 (1948), "[c]ourts may reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses[,]" *see Sawyer v. Trott*, No. 2:18-cv-13684, 2018 WL 6626544, at *1 (E.D. Mich. Nov. 29. 2018) (citations omitted), *report and recommendation adopted by* 2018 WL 6620909 (E.D. Mich. Dec. 18, 2018).

Proceeding IFP is "a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). "In determining IFP eligibility, 'courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess.'" *Cognetto v. Comm'r of Soc. Sec.*, No. 14-10006, 2014 WL 358465, at *1 (E.D. Mich. Jan. 31, 2014) (citation omitted). Plaintiff's IFP application does not support his claim of hardship.

In the IFP application, Plaintiff reports that his gross pay or wages are $2,800, and his take-home pay or wages are $2,000.[1] (ECF No. 2 at PageID 56.) While Plaintiff reports having no money in a checking or savings account, he does

---

[1] While Plaintiff fails to indicate the source of his earnings or the rate of pay, the Court takes judicial notice of his application in another recently filed lawsuit and concludes that this is his monthly pay and earnings from employment. *See* Application, *Wojt v. Donald Trump, et al.*, Case No. 23-cv-12454 (E.D. Mich. filed Sept. 28, 2023), ECF No. 2 at PageID 96.

2

not identify monthly expenses or other financial obligations.  (*Id*. at PageID 57.)  Under these circumstances, the Court is denying his IFP application.

Because Plaintiff's IFP application is denied, the Court cannot screen his Complaint under 28 U.S.C. § 1915(e).  *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999).  Nevertheless, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, or no longer open for discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citations omitted).  "A complaint 'is frivolous when it lacks an arguable basis either in law or in fact.'"  *Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958 (6th Cir. 2004) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  "A complaint lacks an arguable or rational basis in law 'if it is based on legal theories that are indisputably meritless.'"  *Id*. (quoting *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000)).

When deciding whether a complaint is subject to summary dismissal— whether under Rule 12(b)(1) or § 1915—a court must be mindful that "[p]ro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings[,]" *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), and "the allegations of [a] pro se complaint[ are held] to less stringent standards than formal

3

pleadings drafted by lawyers[,]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet a complaint is insufficient to survive summary dismissal where it is based on nothing more than speculation or imagination.

Further, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Plaintiff's Complaint most significantly fails to satisfy the first and second requirements.[2] The Court is unable to discern from Plaintiff's Complaint or the multitude of exhibits attached to the Complaint what his claims are against Defendant or the facts on which any claims are based.

On the Civil Cover Sheet, Plaintiff provides the following as a brief description of the cause of action: "espionage/kidnapping (human sheild [sic] or involentary [sic]". (ECF No. 1 at PageID 53.) Yet Plaintiff's Complaint is devoid of any factual allegations from which to conclude that this action is grounded on facts. In other words, the Court is unable to discern from his filings any lawful claim for relief.

---

[2] Plaintiff cites a criminal statute, 18 U.S.C. § 2261A, as the basis for federal question jurisdiction. (*See* ECF No. 1 at PageID 4.) Criminal statutes generally do not confer private causes of action on citizens, however. *See Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) (citing *United States v. Nixon*, 418 U.S. 683, 693 (1974); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989)).

4

For these reasons, the Court **DENIES** Plaintiff's IFP application (ECF No. 2) and is **SUMMARILY DISMISSING WITH PREJUDICE** Plaintiff's Complaint pursuant to Rule 12(b)(1).

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 14, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 14, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager